## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

DENITA ADAMS-GILLARD,
KATHYRN HAMANN,
and JAY SYCKS,
on behalf of themselves and all
others similarly situated,

CASE NO.:

               Plaintiffs

**HYBRID CLASS and
COLLECTIVE ACTION**

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICE, Inc., a Tennessee for Profit
Corporation,

**JURY TRIAL DEMANDED**

          Defendant.

_____

## RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT
## WITH DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Denita Adams-Gillard, Kathyrn Hamann, and Jay Sycks ("Plaintiffs"), by and through their undersigned attorneys, and sue Defendant, Sedgwick Claims Management Services, Inc. ("Defendant" or "Sedgwick"), in this "hybrid" class/collective action lawsuit, and in support state as follows:

## INTRODUCTION

1. Plaintiffs are former and current employees of Defendant.

2. During the Class Period, Defendant misclassified Plaintiffs and similarly situated employees as exempt from overtime, and as a result, failed to pay Plaintiffs and all class members overtime.

3.      Plaintiffs bring this instant action against Defendant, on behalf of themselves and a class of former, current and future employees who were similarly situated, to seek redress for Defendant's systematic and class-wide failure to pay overtime, and for all other damages requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The citizenship of Plaintiffs and Defendant is completely diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee, at all relevant times to this instant action, transacted business in the State of Tennessee, and Plaintiffs are all citizens of different states than Defendant, they are all domiciled in different states than Defendant in that they reside in different states than Defendant and have an intent to remain indefinitely in these different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00.

5.      This Court also has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. §216(b), *et seq.*, and 28 U.S.C. §1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this Court since at all times material to Plaintiffs' claims, Defendant has been incorporated in Tennessee, transacted business in the state of Tennessee, including within the Western District of Tennessee, and has conducted substantial, continuous, and systematic commercial activities in this District.

## PARTIES

7.     Defendant is a Tennessee corporation with its principal place of business in Memphis Tennessee, in Shelby County, and is a business who, at all relevant times to this instant action, transacted business in the state of Tennessee, including within the Western District of Tennessee, including conducting substantial continuous and systematic commercial activities in this District.

8.     Plaintiff Denita Adams-Gillard ("Plaintiff Adams-Gillard"), is and has been since the commencement of this action, a citizen of the United States and a citizen of Indiana. Plaintiff Adams-Gillard has been domiciled in Indiana since on or before the filing of the initial complaint in this action and is still domiciled in Indiana. In this regard, she is an individual sui juris, who since the filing of the initial complaint in this action has resided and continues to reside, in Gary, Indiana, and intends to remain in Indiana indefinitely.  Plaintiff Adams-Gillard also has an Indiana driver's license, is registered to vote in Indiana, pays Indiana state taxes, and her address for her tax return is 230 Taft Place, Gary, Indiana.  Plaintiff Adams-Gillard physically performed work for Defendant in the state of Illinois (Chicago and Schaumburg).

9.     Plaintiff Kathyrn Hamann ("Plaintiff Hamann"), is and has been since the commencement of this action, a citizen of the United States and a citizen of Minneapolis, Minnesota. Plaintiff Hamann has been domiciled in Minnesota since on or before the filing of the initial complaint in this action and is still domiciled in the State of Minnesota.  In this regard, she is an individual sui juris, who since the filing of the initial complaint in this action has resided and continues to reside, in Minneapolis, Minnesota and intends to remain in the State of Minnesota indefinitely.  Plaintiff Hamann is registered to vote in Minnesota and is currently employed by Defendant.

10.     Plaintiff Jay Sycks ("Plaintiff Sycks"), is and has been since the commencement of this action, a citizen of the United States and a citizen of the State of Ohio. Plaintiff Sycks has been domiciled in Dublin, Ohio since on or before the filing of the initial complaint in this action and is still domiciled there. In this regard, he is an individual sui juris, who since the filing of the initial complaint in this action has resided and continues to reside, in Franklin County (Dublin), Ohio and plans to remain there indefinitely.  Plaintiff Sycks also has an Ohio driver's license, is registered to vote in Ohio, pays Ohio state taxes, and his address for his tax return is 5039 Stratford Pine Lane, Dublin, Ohio.  Plaintiff Sycks is currently employed by Defendant.

11.     Plaintiff Adams-Gillard brings claims for unpaid overtime on behalf of herself while she was a Team Coordinator, and for all current, former and future employees who worked for Defendant throughout the United States as salaried exempt Team Coordinators. ("FLSA Team Coordinator Class").

12.     Plaintiff Adams-Gillard also brings claims for unpaid overtime on behalf of herself and while she was a Team Coordinator, and for all current, former and future employees who worked for Defendant throughout the Illinois as salaried exempt Team Coordinators.  ("Illinois Team Coordinator Class").

13.     Plaintiffs Adams-Gillard bring claims on behalf of themselves and all other similarly situated current, former and future employees of Defendant who processed disability claims in the state of Illinois, were salaried exempt, worked more than eight hours (8) in a day and/or more than forty (40) hours in a workweek, who were not paid overtime, to remedy violations of Illinois state law, including Chicago Municipal Ordinance violations, but excluding the approximately forty (40) individuals who Defendant's counsel represented are in the case of

Walker and Harris v. Sedgwick, in the Northern District of Illinois. ("Illinois Disability Processing Positions Rule 23 Class").

14.    Plaintiff Kathyrn Hamann ("Plaintiff Hamann") brings this action on behalf of herself and all other similarly situated current, former and future employees of Defendant who processed disability claims were salaried exempt, worked more than forty (40) hours in a workweek and worked, who were not paid overtime, to remedy violations of the laws of Minnesota. ("Minnesota Disability Processing Positions Rule 23 Class")

15.    Plaintiff Sycks brings this action on behalf of himself and all other similarly situated current, former and future employees of Defendant who processed disability claims were salaried exempt, worked more than forty (40) hours in a workweek, who were not paid overtime, to remedy violations of the laws of Ohio. ("Ohio Disability Processing Positions Rule 23 Class")

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff Adams-Gillard, brings this action on behalf of herself and all other current, former and future salaried Team Coordinators who are and/or were employed by Defendant for violations of the Fair Labor Standards Act. ("FLSA Team Coordinator Class")

17.    Defendant is an enterprise engaged in interstate commerce with an annual gross business of $500,000.00 or more.

18.    As used in this Count, the term "FLSA covered positions" refers to all current former and future salaried employees who held the job titles of Team Coordinator throughout the United States and who were and/or are employed during the relevant time frame for this FLSA action.

19.    At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Adams-Gillard and other Team Coordinators as defined in this Count, and

exercised control over the wages hours and working conditions of Plaintiff Adams-Gillard and the other Team Coordinators.

20.     On a frequent basis throughout Plaintiff Adam-Gillard's employment with Defendant, Plaintiff Adams-Gillard worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at an overtime rate of pay.

21.     Defendant employees hundreds and/or thousands of employees who held the position titles of Team Coordinator throughout the United States.

22.     Other employees who work(ed) for Defendant throughout the United States are members of the FLSA collective class as defined  in this Count and were subjected to the same and/or  similar policies and practices, and have sustained similar losses of compensation.

23.     At all relevant times Plaintiff Adams-Gillard and the FLSA covered employees as defined in this Count, and have been, similarly situated. Plaintiff Adams-Gillard had substantially similar job requirements and pay provisions, and was subjected to Defendant's common policies, practices, procedures, protocols and rules to the members of the collective class including (1) willfully failing and refusing to pay them at the legally required overtime rate for work in excess of 40 hours per workweek; (2) willfully and inaccurately misclassifying them as exempt from overtime pay even though Defendant was aware that Plaintiff Adams-Gillard and similarly situated employees were entitled to overtime pay; and, (3) willfully failed to keep records required by the FLSA.

24.     The claims of Plaintiff Adams-Gillard stated herein are essentially the same as those of the other potential FLSA collective class members in this Count.

25.     Plaintiff Adams-Gillard, and all other similarly situated individuals who held the positions of Team Coordinator have sustained damages from Defendant's failure to pay overtime compensation.

26.     Plaintiff Adams-Gillard will fairly and adequately protect the interests of the Class Members and have retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class Members.

27.     Plaintiff Adams-Gillard's claims are typical of the claims for the FLSA class of Team Coordinators, in that they were performing the same and/or similar job duties; were misclassified as exempt from overtime under the FLSA; was paid a salary; worked more than forty (40) hours in a single work week; was not paid overtime; and, was harmed by Defendant's failure to pay the overtime compensation due and owing.

28.     Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## **RULE 23 CLASS ACTION ALLEGATIONS**

29.     Plaintiffs Adams-Gillard, Hamann, and Sycks, bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly situated employees in the states of Illinois, Minnesota and Ohio.

30.     Upon information and belief, as of October 31, 2020, there were one hundred and twenty-seven (127) putative Illinois class members for only some of the positions which fall within

7

the different classes herein, and this number is believed to be more because there are more positions and given the passage of time.

31.     Upon information and belief, as of October 31, 2020, there were one hundred and thirty-eight (138) putative Minnesota class members <u>for only some</u> of the positions which fall within the different classes herein, and this number is believed to be more because there are more positions and given the passage of time.

32.     Upon information and belief, as of October 31, 2020, there were one hundred and forty-six (146) putative Ohio class members <u>for only some</u> of the positions which fall within the different classes herein, and as such, this number is believed to be more because there are more positions, and given the passage of time.

33.     Plaintiffs cannot yet ascertain the exact size of the Rule 23 classes for Illinois, Minnesota and Ohio, as such information is within the exclusive control of Defendant. However, upon information and belief and based on the nature of business involved, the total number of putative class members in these three states was, at a minimum as of October 31, 2021, four hundred and eleven (411) persons <u>for only some of the positions</u> which fall within these classes. There are believed to be thousands of class members due to the 411 encompassing some of the individuals. As such, joinder of all members of the Class would be impracticable.

34.     Plaintiffs will fairly and adequately protect the interests of the Class Members and have retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class Members.

35.     Plaintiffs' claims are typical of the claims for the Rule 23 Classes in that each Plaintiff worked for Defendant processing disability claims performing the same and/or similar job duties; each Plaintiff was misclassified as exempt from overtime under the applicable state

laws and ordinances referenced herein; each Plaintiff was paid a salary; each Plaintiff worked more than forty (40) hours in a single work week; each Plaintiff was not paid overtime; and, each Plaintiff was harmed by Defendant's failure to pay the overtime compensation due and owing.

36.     The rights of Plaintiffs and Class Members involve common questions of law and fact which predominate over questions affecting only individual Class Members.

37.     Class Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

38.     The Named Plaintiffs worked in three (3) different states, were performing the same and/or similar job duties, were misclassified and were not paid overtime. Specifically, the Named Plaintiffs and all putative Rule 23 Class Members have claims under Illinois state laws and ordinances, Minnesota State law and Ohio State Law.

39.     The Illinois Rule 23 Classes specifically excluding the approximately forty (40) individuals who Defendant's counsel represented are in the case of Walker and Harris v. Sedgwick, in the Northern District of Illinois. ("Illinois Disability Processing Positions Rule 23 Class").

## COUNT I

### FLSA Collective Action

### Violations of the Overtime Provisions of the Fair Labor Standards Act

### Team Coordinators

40.     Plaintiff Adams-Gillard bring this action on behalf and herself and other similarly situated current, former and future employees of Defendant, specifically employees titled Team Coordinator, under the Fair Labor Standards Act for unpaid overtime.

41.     Plaintiff Adams-Gillard repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 28 above.

42.     At certain relevant times during her employment with Defendant, Plaintiff Adams-Gillard held the positions of Team Coordinator, was paid a salary, and worked in excess of forty (40) hours in a workweek.

43.     Plaintiff Adams-Gillard was an employee of Defendant as defined by 29 U.S.C. §203(e).

44.     Plaintiff Adams-Gillard was not exempt under any exemption pursuant to 29 U.S.C. §213.

45.     Defendant is an employer as defined by 29 U.S.C. §.203(d).

46.     Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

47.     As used in this Count the terms "Class" and "Covered" refers to all current, former, and future salaried employees who held the job Team Coordinator; and who were and/or are employed during the relevant time for this instant FLSA action.

48.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Adams-Gillard and/or other FLSA Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff Adams-Gillard and other Covered Employees.

49.     On a frequent basis throughout Plaintiff Adams-Gillard's employment with Defendant, Plaintiff Adams-Gillard and other FLSA Covered Employees worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

50.     At all relevant times Plaintiff Adams-Gillard worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

51.     Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States in Team Coordinator positions during all relevant time periods.

52.     Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

53.     At all relevant times Plaintiff Adams-Gillard and the FLSA Team Coordinator Class Members, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff Adams-Gillard and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiff Adams-Gillard stated herein are essentially the same as those of the other potential plaintiffs.

54.     Defendant failed to pay Plaintiff Adams-Gillard and other similarly situated employees, the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

55.     Defendant willfully failed to keep proper records of all hours worked by Plaintiff Adams-Gillard and all similarly situated employees, as required by 29 U.S.C. § 211(c), even

though Plaintiff Adams-Gillard and similarly situated employees are and/or were entitled to overtime compensation.

56.     Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff Adams-Gillard and all similarly situated employees were subjected to, which resulted in Plaintiff Adams-Gillard and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

57.     Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

58.     As a result of Defendant's violations of the FLSA, Plaintiff Adams-Gillard and other similarly situated employees have suffered damages.

59.     Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

## COUNT II
### Rule 23 Class Action
### Team Coordinators
### Unpaid Overtime under Illinois state law and municipal ordinance(s)

60.     Plaintiff Adams-Gillard brings this Rule 23 Class Action pursuant to Illinois state law on behalf of Team Coordinators and repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 15, and 29-39 above.

61.     Specifically, Plaintiff Adams-Gillard brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former and future employees of Defendant who during the

relevant time period under Illinois Law and Municipal Ordinances and Codes, held the job Team Coordinator.

62. Plaintiff Adams-Gillard and other similarly situated employees have claims under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; the Illinois Attorneys' Fees in Wage Actions Act; and, the Chicago Minimum Wage Ordinance.

63. This Illinois Rule 23 Class Action specifically but excluding the approximately forty (40) individuals who Defendant's counsel represented are in the case of Walker and Harris v. Sedgwick, in the Northern District of Illinois. ("Illinois Disability Processing Positions Rule 23 Class").

64. At certain relevant times during her employment with Defendant, Plaintiff Adams-Gillard held the position of Team Coordinator, was paid a salary, and worked in excess of eight (8) hour days and/or in excess of forty (40) hours in a workweek.

65. Plaintiff Adams-Gillard was an employee of Defendant as defined under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; and, the Chicago Minimum Wage Ordinance.

66. Defendant, is an employer as defined by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.*; the Chicago Minimum Wage Ordinance ("CMWO"), Section 1-24-10 of the Municipal Code of Chicago.

67. As used in this Count the terms "Class" and "Covered" refers to all current, former, and future salaried employees who held the job title Team Coordinator, and who were and/or are employed during the relevant time period in Illinois.

68.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Adams-Gillard and other Rule 23 Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff Adams-Gillard and other Covered Employees.

69.     On a frequent basis throughout Plaintiff Adams-Gillard's employment with Defendant, Plaintiff Adams-Gillard and other Rule 23 Covered Employees worked in excess of eight (8) hours in a work day and/or in excess of forty (40) hours per week, but were not compensated for all hours worked at an overtime rate.

70.     Defendant employ(ed) hundreds and/or thousands of similarly situated employees as team Coordinators throughout the state of Illinois during the relevant time period.

71.     Other employees who worked for Defendant throughout Illinois, and who are members of the class as defined in this Count, were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

72.     At all relevant times Plaintiff Adams-Gillard and Team Coordinators who work and/or worked in Illinois, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff Adams-Gillard and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep regarding hours worked. The claims of Plaintiff Adams-Gillard stated herein are essentially the same as those of the other potential Class plaintiffs.

14

73.     Under Illinois law, a three (3) year statute of limitation automatically applies, and any tolling provided to Plaintiff Adams-Gillard by Defendant would extend to all similarly situated employees consistent with Plaintiff Adams-Gillard's tolling.

74.     As a result of Defendant's violations of the laws of Illinois, Plaintiff Adams-Gillard and other similarly situated employees have suffered damages.

75.     Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

## COUNT III
### Rule 23 Class Action
### Disability Processing Positions
### Unpaid Overtime under Illinois state law and municipal ordinance(s)

76.     Plaintiff Adams-Gillard brings this Rule 23 Class Action pursuant to Illinois state law on behalf of herself and all current, former and future employees who perform work(ed) in Illinois processing disability claims, and repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 15 and 29-39 above.

77.     Specifically, Plaintiff Adams-Gillard, who during relevant time periods in her employment with Defendant processed disability claims, and brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former and future employees of Defendant who during the relevant time period under Illinois Law and Municipal Ordinances and Codes, processed disability claims.

78.     Plaintiff Adams-Gillard and other similarly situated employees have claims under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; Illinois Attorneys Fees in Wage Actions Act; and, the Chicago Minimum Wage Ordinance.

79.     This Illinois Rule 23 Class Action specifically but excluding the approximately forty (40) individuals who Defendant's counsel represented are in the case of Walker and Harris v. Sedgwick, in the Northern District of Illinois. ("Illinois Disability Processing Positions Rule 23 Class").

80.     At certain relevant times during her employment with Defendant, Plaintiff Adams-Gillard processed disability claims in Illinois, was paid a salary, and worked in excess of eight (8) hour days and/or in excess of forty (40) hours in a workweek.

81.     Plaintiff Adams-Gillard was an employee of Defendant as defined under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.;* the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.;* and, the Chicago Minimum Wage Ordinance ("CMWO"), §1-24-10, *et seq,* of the Municipal Code of Chicago.

82.     Defendant, is an employer as defined by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.;* the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.;* the Chicago Minimum Wage Ordinance ("CMWO"), Section 1-24-10, *et. seq.,* of the Municipal Code of Chicago.

83.     As used in this Count the terms "Class" and "Covered" refers to all current, former, and future salaried employees who processed disability claims in Illinois; and who were and/or are employed during the relevant time period for violations of the laws of Illinois and municipal ordinances and codes for this instant Rule 23 action in this particular Count, and who was and/or is salaried exempt, and who was not paid overtime wages.

84.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Adams-Gillard and other Rule 23 Covered Employees as defined in this Count,

and exercised control over the wages, hours, and working conditions of Plaintiff Adams-Gillard and other Covered Employees.

85.     On a frequent basis throughout Plaintiff Adams-Gillard's employment with Defendant, Plaintiff Adams-Gillard and other Rule 23 Covered Employees worked in excess of eight (8) hours in a work day and/or in excess of forty (40) hours per week, but were not compensated for all hours worked at an overtime rate.

86.     Defendant employs hundreds and/or thousands of similarly situated employees throughout the state of Illinois during all relevant time periods.

87.     Other employees who worked for Defendant throughout Illinois, and who are members of the class as defined in this Count were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

88.     At all relevant times Plaintiff Adams-Gillard and Covered Employees are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff Adams-Gillard and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep regarding hours worked. The claims of Plaintiff Adams-Gillard stated herein are essentially the same as those of the other potential Class plaintiffs.

89.     Under Illinois law, a three (3) year statute of limitation automatically applies, and any tolling provided to Plaintiff Adams-Gillard by Defendant would extend to all similarly situated employees consistent with Plaintiff Adams-Gillard's tolling.

90.     As a result of Defendant's violations of the laws of Illinois, Plaintiff Adams-Gillard and other similarly situated employees have suffered damages.

91.     Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

### COUNT IV

### Rule 23 Class Action

### Disability Processing Positions

### Unpaid Overtime under Minnesota state laws

92.     Plaintiff Hamann brings this Rule 23 Class Action pursuant to Minnesota state law on behalf of herself and all current, former and future other similarly situated employees who processed disability claims for Defendant performing work for Defendant in the State of Minnesota during the relevant time period.

93.     Plaintiff Hamann and repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 15, and 29-39 above.

94.     Specifically, Plaintiff Hamann brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former and future employees of Defendant who during the relevant time period under Minnesota law, who processed disability claims.

95.     Plaintiff Hamann and other similarly situated employees have claims under the Minnesota Fair Labor Standards Act, MC Stat. Sections 177.10, *et seq*.

96.     At certain relevant times during her employment with Defendant, Plaintiff Hamann processed disability claims, was paid a salary, and worked in excess of forty (40) hours in a workweek.

97.     Plaintiff Hamann was an employee of Defendant as defined under the Minnesota Fair Labor Standards Act.

98.     Defendant is an employer as defined by Minnesota Fair Labor Standards Act.

99.     As used in this Count the terms "Class" and "Covered" refers to all current, former, and future salaried employees who processed disability claims in Minnesota; and who were and/or are employed during the relevant time period for violations of the laws of Minnesota, and who were and/or are employed during the relevant time for this instant Rule 23 action in this particular Count, and who were and/or are salaried exempt, and who was not paid overtime wages.

100.    At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Hamann and other Rule 23 Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff Hamann and other Covered Employees as defined in this Count.

101.    On a frequent basis throughout Plaintiff Hamann's employment with Defendant, Plaintiff Hamann and other Rule 23 Covered Employees worked in excess of forty (40) hours per week but were not compensated for all hours worked at an overtime rate.

102.    Defendant employs hundreds and/or thousands of similarly situated employees throughout the state of Minnesota during all relevant time periods.

103.    Other employees who worked for Defendant throughout Minnesota, and who are members of the class as defined in this Count were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

104.    At all relevant times Plaintiff Hamann and Covered Employees are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures,

protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff Hamann and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep regarding hours worked. The claims of Plaintiff Hamann stated herein are essentially the same as those of the other potential Class plaintiffs.

105.    Any tolling provided to Plaintiff Hamann by Defendant would extend to all similarly situated employees consistent with Plaintiff Hamann's tolling.

106.    As a result of Defendant's violations of the laws of Minnesota, Plaintiff Hamann and other similarly situated current, former and future employees have suffered damages.

107.    Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

<strong><u>COUNT V</u></strong>
<strong><u>Rule 23 Class Action</u></strong>
<strong><u>Disability Processing Positions</u></strong>
<strong><u>Unpaid Overtime under Ohio state laws</u></strong>

108.    Plaintiff Sycks brings this Rule 23 Class Action pursuant to Ohio state law on behalf of himself and all other current, former and future employees of Defendant who processed disability claims for Defendant in the State of Ohio during the relevant time period.

109.    Plaintiff Sycks repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 15, and 29-39 above.

110.     Specifically, Plaintiff Sycks brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former and future employees of Defendant who during the relevant time period under Ohio law, processed disability claims.

111.     Plaintiff Sycks and other similarly situated employees have claims under the Ohio Minimum Fair Wage Standards Act.

112.     At certain relevant times during her employment with Defendant, Plaintiff Sycks processed disability claims, was paid a salary, and worked in excess of forty (40) hours in a workweek.

113.     Plaintiff Sycks was an employee of Defendant as defined under the Ohio Minimum Fair Wage Standards Act, R.C. Sections 4111.01, *et. seq.*

114.     Defendant is an employer as defined by the Ohio Minimum Fair Wage Standards Act.

115.     As used in this Count the terms "Class" and "Covered" refers to all current, former, and future salaried employees who processed disability claims in Ohio; and who were and/or are employed during the relevant time period for violations of the laws of Ohio, and who were and/or are employed during the relevant time for this instant Rule 23 action in this particular Count, and who were and/or are salaried exempt, and who were not paid overtime wages.

116.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Sycks and other Rule 23 Covered Employees as defined in this Count, and exercised control over the wages, hours, and working conditions of Plaintiff Sycks and other Covered Employees.

117.    On a frequent basis throughout Plaintiff Syck's employment with Defendant, Plaintiff Sycks and other Rule 23 Covered Employees worked in excess of forty (40) hours per week, but were not compensated for all hours worked at an overtime rate.

118.    Defendant employs hundreds and/or thousands of similarly situated employees throughout the state of Ohio during all relevant time periods.

119.    Other employees who worked for Defendant throughout Ohio, and who are members of the class as defined in this Count were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

120.    At all relevant times Plaintiff Sycks and Covered Employees as defined in this Count, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff Sycks and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep regarding hours worked. The claims of Plaintiff Sycks stated herein are essentially the same as those of the other potential Class plaintiffs.

121.    Any tolling provided to Plaintiff Sycks by Defendant would extend to all similarly situated employees consistent with Plaintiff Syck's tolling.

122.    As a result of Defendant's violations of the laws of Ohio, Plaintiff Sycks and other similarly situated current, former and future employees have suffered damages.

123.    Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

**WHEREFORE**, Plaintiffs Adams-Gillard, Hamann and Sycks on behalf of themselves and all Class Members, respectfully pray that this Court:

a. Certify the FLSA Class of Team Coordinators described herein;

b. Certify the Illinois, Minnesota and Ohio Rule 23 Classes as described herein; herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Toll any and all statutes of limitation consistent with any tolling agreements of the Named Plaintiffs have with Defendant; and, toll any and all statutes of limitation for putative Plaintiffs' FLSA claims back to the filing of this Complaint;

d. Appoint Lytle & Barszcz, P.A. as class counsel;

e. Enter Judgment against Defendant in the amount of the Plaintiffs' and Class Members' individual unpaid overtime, statutory damages, actual and compensatory damages, liquidated damages, any other additional damages available under the law, and pre-judgment and post-judgment interest as allowed by law;

f. Award Plaintiffs and Class Members attorneys' fees and costs;

g. Declare the practices complained of herein unlawful;

h. Enjoin Defendant from continuing the practices found illegal or in violation of the rights of Plaintiffs and Class Members; and

i. Grant Plaintiffs and the Class Members such further relief as this Court deems just and proper.

Dated:  January 15, 2021

Respectfully submitted,

/s/

**Mary E. Lytle, Esquire (pro hac vice
counsel limited to this particular case
pursuant to Local Rule 83.4(d))**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire (pro hac vice
counsel limited to this particular case
pursuant to Local Rule 83.4(d))**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive
Second Floor
Maitland, FL  32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney

*Attorneys for Plaintiffs*