UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DENITA ADAMS-GILLARD, KATHYRN HAMANN, and JAY SYCKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICE, Inc., a Tennessee for Profit Corporation,<br><br>Defendant. | CASE NO. 2:21-cv-2038 |

## ORDER

Before the Court is PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF PROPOSED CLASSES AND NOTICE TO THE CLASSES (Doc. 80) (the "Motion"), brought by Plaintiffs DENITA ADAMS-GILLARD, and JAY SYCKS (collectively, "Plaintiffs" or "Named Plaintiffs"). The Court held a hearing on the Motion on May 11, 2022. (Doc. 90; 93.) With the Court's permission, the parties filed a Joint Stipulation of Settlement and Release ("Settlement Agreement") on May 13, 2022. (Doc. 91.) The Settlement Agreement replaces the Joint Stipulation of Settlement and Release originally included with the Motion. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

The Motion is GRANTED. The Court ORDERS that:

1. The Settlement Agreement is APPROVED as fair, reasonable, and adequate to the members of the Illinois Class and the Ohio Class, subject to further consideration at the Fairness Hearing.

2. The parties are DIRECTED to provide notice of the proposed Settlement as provided in the Settlement Agreement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court CERTIFIES the following Classes for purposes of this Settlement only and subject to further consideration at the Fairness Hearing:

> The **"Illinois Class"** refers to current and former employees of Defendant who held the position of "Disability Representative Sr." in Illinois during the time period from January 15, 2018 to May 24, 2021 except for those 16 individuals who were the subject of the tolling agreement entered into in conjunction with the *Easterwood, et al. v. Sedgwick Claims Management Services, Inc.* action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 21, 2017; and, who were classified as exempt from overtime wages. This class excludes those individuals who worked as Disability Representative Seniors in Illinois processing requests or claims for accommodation under the ADA who are in the initial putative class alleged in *Walker and Harris v. Sedgwick*, in the Northern District of Illinois, Civil Action No. 1:19-cv-07482.
>
> The **"Ohio Class"** refers to all current and former employees of Defendant who held the position of "Disability Representative Sr." in Ohio during the time period from January 15, 2019 to May 24, 2021 except for those 15 individuals who were the subject of the tolling agreement entered into in conjunction with the *Easterwood, et al. v. Sedgwick Claims Management Services, Inc.* action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 20, 2018; and, who were classified as exempt from overtime wages.

4. The Court preliminarily FINDS, solely for purposes of the Settlement, that: (a) the Classes are so numerous that joinder of members of the Classes in the action is impracticable; (b) there are questions of law and fact common to the Classes that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Classes; (d) the Class Representatives have and will continue to fairly and adequately represent and protect the interests of the Classes; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5. Named Plaintiffs Adams-Gillard and Sycks are APPROVED as representatives

of the Illinois and Ohio Classes, respectively.

6. Mary E. Lytle, Esq., David V. Barszcz, Esq. and Lytle & Barszcz P.A., are APPROVED as Class Counsel, and the Court finds that Class Counsel has and will fairly and adequately protect the interests of the Classes.

7. The Court FINDS and ORDERS that the Notices attached as Exhibit A to the Settlement Agreement fully satisfy the requirements of due process and provide the best notice practicable under the circumstances to the members of the Classes.

8. The Court APPROVES Simpluris as the Settlement Administrator.

9. No later than five (5) days after entry of this Order, Defendant SHALL provide Simpluris with "Class Lists" identifying the names of the Illinois Class Members and Ohio Class Members, their last known home addresses, and Social Security numbers (or, as applicable, other taxpayer identification number).

10. Within ten (10) business days of receiving the Class Lists from Defendant, the Settlement Administrator SHALL send the Illinois Class Members and Ohio Class Members, by first-class mail to their last known home address, the Notices attached as Exhibit A to the Settlement Agreement.

11. Any Class Member who wishes to be excluded from the Illinois Settlement Class or Ohio Settlement Class must send a written request containing their name, address, telephone number, signature, and a clear statement that they wish to be excluded from the Class to the Settlement Administrator within sixty (60) days from the date of the first mailing of the Notices.

12. The Settlement Administrator SHALL report any requests for exclusion received to Class Counsel and Defendant's Counsel within five (5) business days of receiving the same.

13. Members of the Illinois Class and Ohio Class who timely and validly request exclusion SHALL not be included in the Illinois Settlement Class or Ohio Settlement Class and

will not be eligible to receive any payment from the Settlement Fund as described in the Settlement Agreement, unless otherwise ordered by the Court.

14. Any Illinois or Ohio Settlement Class Member, other than Named Plaintiffs Adams-Gillard and Sycks, may object to this Settlement, provided that, within sixty (60) days from the date of first mailing of the Notice, such objections are made in writing and filed with the Court and served on Class Counsel and Defendant's counsel. In order for his or her objection to be considered, the Settlement Class Member must file a timely objection with the Court, stating: his or her name and address, the title of the lawsuit, a description of his or her objections, the reasons for the objections, whether the objections apply only to the objector, a specific subset of the class, or the entire class, a statement about whether or not the objector or his or her lawyer will appear at the Fairness Hearing, and his or her signature. No individual may be heard at the Fairness Hearing who has not complied with this requirement. Any individual who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Settlement.

15. Unless otherwise ordered by the Court, upon Final Approval of the Settlement, all members of the Illinois Settlement Class and Ohio Settlement Class will have released and discharged the claims against Defendant as provided in the Settlement Agreement and SHALL be bound by all determinations and judgments in this action, whether favorable or unfavorable to the Settlement Classes.

16. Any member of the Illinois and Ohio Settlement Classes who does not object in the manner prescribed above SHALL be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, and adequacy of the Settlement or the requests for awards of attorney's fees, service payments, and other costs.

17. The Fairness Hearing SHALL be held before the undersigned at 1:30 p.m.

October 7, 2022, at the Odell Horton Federal Building, 167 North Main Street, Memphis, Tennessee, Courtroom 3. The Court may continue the Fairness Hearing without further written notice to the Settlement Class Members and may schedule the Fairness Hearing to be held in person, by telephone, or by video conference.

18. No later than fifteen (15) days prior to the Fairness Hearing, Class Counsel SHALL file a separate application for approval of their attorneys' fees and costs with additional factual and legal authority.

19. Within thirty (30) days after the expiration of the Notice Period, and at least fifteen (15) days prior to the Fairness Hearing, Plaintiffs SHALL file a motion for final approval of the Settlement.

SO ORDERED this 16th day of May, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE