<div align="center">

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

</div>

DENITA ADAMS-GILLARD,
KATHYRN HAMANN,
and JAY SYCKS, on behalf of
themselves and all others similarly
situated,

Plaintiffs

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, Inc., a Tennessee for Profit
Corporation,

Defendant.

_____/

CASE NO. 2:21-cv-02038-SHM-cgc

**CLASS ACTION**

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

DENITA ADAMS-GILLARD and JAY SYCKS, ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated as defined herein (collectively, "Plaintiffs"), together with Sedgwick Claims Management Services, Inc. ("Defendant") (collectively, Plaintiffs and Defendant are referred to as "Parties" herein) herby move this Court for final approval of the Class Action Settlement ("Settlement Agreement" or "Settlement") between Plaintiffs and Defendant pursuant to Fed. R. Civ. P. 23(e). Pursuant to this Court's May 16, 2022, Order preliminarily approving the Settlement, Class Counsel will separately submit their Motion for Approval of Attorneys' Fees and Costs on or before September 22, 2022.

I. **BACKGROUND**.

The instant case was filed on January 15, 2021. (Doc. 1). Plaintiffs reached a settlement with Defendant, and this Court held a hearing for preliminary approval on May 11, 2022. (Doc. 90; 93). With the Court's permission, the parties filed a Joint Stipulation of Settlement and Release on May 13, 2022. (Doc. 91). The Settlement proposes a settlement of claims for unpaid overtime

under Ohio state law, and under Illinois state law and the Chicago Minimum Wage Ordinance, for an Ohio Class and an Illinois Class, respectively. (Doc. 91). The Settlement excludes any claims under the FLSA. (Doc. 91).

On May 16, 2022, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Proposed Classes and Notice to the Classes. (Doc 94). The Court certified the following classes:

> The "Illinois Class" refers to current and former employees of Defendant who held the position of "Disability Representative Sr." in Illinois during the time period from January 15, 2018 to May 24, 2021 except for those 16 individuals who were the subject of the tolling agreement entered into in conjunction with the *Easterwood, et al. v. Sedgwick Claims Management Services, Inc.* action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 21, 2017; and, who were classified as exempt from overtime wages. This class excludes those individuals who worked as Disability Representative Seniors in Illinois processing requests or claims for accommodation under the ADA who are in the initial putative class alleged in *Walker and Harris v. Sedgwick*, in the Northern District of Illinois, Civil Action No. 1:19-cv-07482.
>
> The "Ohio Class" refers to all current and former employees of Defendant who held the position of "Disability Representative Sr." in Ohio during the time period from January 15, 2019 to May 24, 2021 except for those 15 individuals who were the subject of the tolling agreement entered into in conjunction with the *Easterwood, et al. v. Sedgwick Claims Management Services, Inc.* action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 20, 2018; and, who were classified as exempt from overtime wages.

(Doc. 94, p. 3 ¶ 3)

In its May 16, 2022, Order preliminarily approving the Settlement, the Court: (1) determined that the Settlement is fair, reasonable, and adequate; (2) directed the parties to provide notice to the classes as prescribed in the Settlement Agreement and found that the Notices and notice procedure fully satisfied the requirements of due process and provided the best notice practicable under the circumstances to members of the Classes; (3) approved Named Plaintiffs

Adams-Gillard and Sycks as representatives for the Illinois and Ohio Classes, respectively; (4) approved Mary E. Lytle, Esq., David V. Barszcz, Esq., and Lytle & Barszcz, P.A., as Class Counsel and found that Class Counsel has and will fairly and adequately protect the interests of the Classes; (5) approved Simpluris as the Settlement Administrator; (6) prescribed the terms upon which Class Members may object and/or exclude themselves from the settlement; and, (7) set the Fairness Hearing for October 7, 2022. (Doc. 94).  The Court also ordered that the instant Motion be filed within thirty (30) days after the expiration of the Notice period (August 5, 2022), and at least fifteen (15) days prior to the Fairness Hearing, making the deadline for the filing of the same September 6, 2022. (Doc. 94, p. 5 ¶ 19).  In addition, the Court ordered Class Counsel to file a separate motion no later than fifteen (15) days prior to the Fairness Hearing on October 7, 2022, for approval of attorneys' fees and costs, making the deadline for the same September 22, 2022. (Doc 94, p.5 ¶ 18). Class Counsel will submit a separate motion for approval of attorneys' fees and costs on or before September 22, 2022.

On June 6, 2022, in accordance with the Court's May 16, 2022 Order preliminarily approving the Parties' Settlement, notice was mailed pursuant to the specific procedure approved by this Court, by the Third-Party Administrator (Simpluris) to all Class Members. (Doc. 91, 94, and Exh. A--Sworn Declaration of Simpluris Project Manager Mary Butler ["Butler Decl."]). The reaction has been positive. Not a single Class Member objected to the terms of the Settlement. (Id.) Not a single Class Member requested to be excluded from the Class.  (Id.) Practically speaking, nothing has changed since the Court issued its Order granting preliminary approval of the Settlement (Doc. 94), confirming that the Settlement is fair, reasonable, and adequate.

Accordingly, and for the reasons set forth more fully below, the Parties respectfully request that this Court grant final approval of the Parties' Rule 23 Settlement in this case.

3

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

"The claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes on settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

Rule 23(a), (b) and (g) set out the criteria for certifying a class action in federal court, including a settlement class. The Rule requires a party seeking class certification to demonstrate that: (1) the proposed class and class representatives meet all of the requirements of Rule 23(a); (2) the case fits into one of the categories of Rule 23(b); and (3) class counsel meets the requirements of Rule 23(g).  Fed. R. Civ. P. 23; *see also Fitzgerald v. P.L. Mktg.*, 2020 U.S. Dist. LEXIS 25672, *10 (W.D. Tenn. February 13, 2020), *citing* William B. Rubenstein, Newberg on Class Actions ("Newberg") § 3:1 (5th ed. 2020). A district court must give undiluted, even heightened, attention to Rule 23 protections before certifying a settlement class. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007).

The Rule 23(e)(2) inquiry focuses on whether the proposed class action settlement is "fair, reasonable, and adequate" and takes into account the following factors:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).

The Sixth Circuit and District Courts in the Sixth Circuit have recognized that the law favors the settlement of class action litigation. *See e.g. General Motors Corp., supra* 497 F.3d at 632 (noting "the federal policy favoring settlement of class actions"); *Fitzgerald*, *supra*; *IUE-CWA v. General Motors Corp.,* 238 F.R.D. 583, 593 (E.D. Mich. 2006)(noting "the general federal policy favoring the settlement of class actions"); and *Steiner v. Fruehauf Corp.,* 121 F.R.D. 304, 305 (E.D. Mich. 1988) *aff'd sub nom Priddy v. Edelman,* 883 F.2d, 447 (6th Cir. 1989)("case law favors the voluntary settlement of class actions").

"The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."  2 NEWBERG & CONTE § 11.41, at 11-85 (citing cases); accord *Int'l Union, United Auto, Aerospace, and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007). The Sixth Circuit has recognized that complex litigation is "notoriously difficult and unpredictable." *Granada Investments, Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992), quoting *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (6th Cir. 1983). Thus, "[a]bsent evidence of fraud or collusion, such settlements are not to be trifled with." *Granada*, 962 F.2d at 1205. "Settlement embodies a bargained give and take between the litigants that is presumptively valid about which the Court should not substitute its judgment for that of the parties." *Int'l Union, UAW v. Ford Motor,* 2006 U.S. Dist. LEXIS 70471, *60 (E.D. Mich. July 13, 2006) (internal quotation marks and citation omitted).

Following preliminary approval, a class action settlement is presumed to be reasonable, and an "objecting class member must overcome a heavy burden to prove that the settlement is

unreasonable." *Manjunath A. Gokare, P.C. v. Fed. Express Corp.*, 2013 U.S. Dist. LEXIS 203546, *22 (W.D. Tenn. Nov. 22, 2013)(citations omitted).

In the instant case, and as more fully discussed below, the Settlement was negotiated at arm's length by experienced counsel fully informed of the facts and circumstances of this action and of the strengths and weakness of the Parties' respective positions. The Settlement was reached after the Parties engaged in extensive and multiple settlement negotiation sessions. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial, and any appeals that might be taken, and the likelihood of success. The Settlement also treats the class members equitably relative to each other. In this regard, in agreeing upon the Settlement in this case, the Parties had an abundance of information and conducted an extensive investigation to allow them to make an educated and informed analysis and conclusion. Information exchanged by the Parties and utilized in their negotiations and analysis include but is not limited to the number of individuals in each Class, first and last date in the relevant position, rates of pay and location where work was performed (for purposes of determining whether the Chicago Wage Ordinance applied). A variety of damage models were prepared and evaluated so that a fair and equitable distribution could be reached to treat all Class Members fairly and equitably. The Settlement also serves the public interests.

***A. The Relief Afforded by the Settlement is Adequate and the Class Members are Treated Equitably Compared to each Other.***

The Settlement provides substantial benefits via a Settlement Fund established for the benefit of all Class Members. Specifically, the Settlement provides for a total Settlement Fund of $1,600,000.00 for the payment of both Classes and attorneys' fees and costs. (Doc. 91, p. 4 § 1.12). From the Settlement Fund of $1.6 million, the total fund for the Illinois Class is $1,050,000.00,

and the total fund for the Ohio Class is $550,000.00. (Id.) From the fund, the payments to the Illinois Class Members total $787,500.00, and the payments to the Ohio Class Members total $412,500.00. (Doc. 91, p. 6 ¶ 5 a-b). [1]

The Parties had sufficient information in their possession to evaluate their respective positions and ensure a fair and equitable distribution amongst the Class Members. The Class Members are treated equitably compared to one another. Class Counsel developed an equitable distribution of the Settlement Fund, using certain factors to determine a fair and equitable settlement and to calculate the pro-rata distribution of the Settlement proceeds amongst Class Members. In this regard, the following factors were utilized: (i) the number of weeks the Class Member worked in the Disability Representative Senior position during the relevant time period; (ii) the particular Class Member's rate of pay in the position; and, (iii) whether, for the Illinois Settlement Class, the Class Member was entitled to relief under the Chicago Minimum Wage Ordinance.

All of the Class Members were sent notification of the Settlement Agreement via first class mail. (Exh. A). None objected. (Id.) None asked to be excluded. (Id.) Class Counsel is not surprised at the lack of objections – the Settlement is a fair result for the Class Members. In fact, even if a relatively small number of class members were to object, it would still be an indication of a settlement's fairness. *Robinson v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 11673, *17 (June 15, 2005), *citing* Newberg on Class Actions, *supra*, at § 11.48. Here, there were no objections, nor any requests for exclusion.

---

[1] Class Counsel will apply to the Court by separate motion on or before September 22, 2022, for approval of the payment of no more than the agreed upon amount of $400,000.00 for attorneys' fees and costs. (Doc. 91, p. 9 ¶ 6.d.i-ii). This amount consists of $262,500.00 for fees and costs related to the Illinois Class, and for $137,500.00 for fees and costs related to the Ohio Class. (Id.) This amount is equal to 25% of the total amount of the total Settlement Fund.

It is respectfully submitted that the Settlement provides adequate relief to the Class Members, and all Class Members are treated equitably relative to each other with respect to the benefits of the Settlement Agreement.

**B. *The Settlement was Negotiated at Arm's Length and Class Representatives and Class Counsel have Adequately Represented the Class.***

As explained in detail in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Proposed Classes and Notice to the Settlement Classes, the Settlement was negotiated by lawyers experienced in complex litigation and overtime cases and was negotiated at arm's length. (Doc. 80, p. 8). Pursuant to this Court's May 16, 2022, Order granting preliminary approval of the Settlement, this Court found that Class Counsel would fairly and adequately protect the interests of the Classes. (Doc. 94, p. 3 ¶ 6).

During settlement negotiations, the Parties spent numerous hours to come to a fair and equitable settlement that considered the Plaintiffs' probability of success on the merits of the exemption issues and the uncertainty of the amount they may have recovered. Additionally, a variety of damages models were prepared and evaluated by each Parties' counsel based on the Parties' respective positions regarding the number of hours worked. In the course of extensive settlement negotiations, Defendant and Plaintiffs utilized their respective data analyses to come to an agreeable settlement amount. As a result, the Settlement was a compromise between Plaintiffs' calculations and Defendant's calculations, including considering the risks of protracted litigation and the benefits to all involved in settling. Those risks include the issues involved with the administrative exemption noted in Section II.C., below. Accordingly, it is respectfully submitted that the Settlement is clearly not the product of fraud or collusion, but rather was negotiated at arm's length in good faith by the Parties and their respective counsel.

### C. The Settlement Accounts for the Uncertainties of Protracted Litigation

Another factor under Fed. R. Civ. P. 23(e) the Court must consider is whether a class action settlement provides a certain and immediate benefit to the class members and outweighs the risk and cost of a trial on the merits. *See e.g. Wright v. Premier Courier, Inc.*, 2018 U.S. Dist. LEXIS 140019, *10 (S.D. Ohio August 17, 20018) (approving Rule 23 settlement); *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. October 10, 2003). "Experience proves that, no matter how confident trial counsel may be, they cannot predict with 100% accuracy a jury's favorable verdict..." *Id.* Class Counsel's judgment that settlement is in the best interests of the class "is entitled to significant weight and supports the fairness of the class settlement." *Sheick v. Auto. Component Carrier, LLC*, 2010 U.S. Dist. LEXIS 110411, *51 (E.D. Mich. October 18, 2010) (citation omitted).

In the instant case, continuing the litigation would have been complicated, protracted, and expensive. The risk of Plaintiffs being unable to establish liability and damages was also present because of the defenses Defendant intended to assert if the case was not settled. From Plaintiffs' perspective, there was a risk the Court would accept one or more of Defendant's arguments on a key point. Plaintiffs' success on any of these aspects in motions practice, let alone at trial, was not guaranteed. The administrative exemption Defendant asserted involves both intense factual examination and the application of rather subjective criteria, including: (1) whether an employee's "primary duty" was office work "directly related to the management or general business operations of the employer or the employer's customers;" and (2) whether the "employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of

significance." As with most cases, Plaintiffs (as well as Defendant) saw the reasonableness of compromise since the resolution of the ultimate issue would be particularly unknowable.

Further, because the Court has approved an experienced Settlement Administrator and the Settlement Administrator has clear directives, there are no concerns regarding the "effectiveness of … [the] method of distributing relief to the class." Rule 23(e)(2)(c)(ii).  The Settlement distribution to the Class Members will be made in the form of mailed checks. (Doc. 91, p. 17 ¶ 20).  Any unclaimed funds for the Illinois and Ohio Classes shall be paid to Legal Aid Chicago and Legal Aid Society of Cleveland, Inc., respectively. (Doc. 91, p. 18 ¶ 22).

Other than the Settlement Agreement itself, there are no "agreements required to be identified under Rule 23(e)." Rule 23(e)(2)(c)(iv). Accordingly, the Settlement takes into account the risks and uncertainties of litigation, and there are no other agreements required to be identified under Rule 23(e).

### D. Public Interest and CAFA Compliance.

In addition to the factors discussed above, the Settlement Agreement serves public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem*, *supra,* 218 F.R.D. at 530. It guarantees a recovery on a class-wide basis for Plaintiffs' alleged injury. The Class Members will receive a meaningful monetary award and the Parties, including Defendant, will  not face the risks and expenses inherent in continued litigation. In addition, the Settlement brings finality to Defendant regarding this litigation. As a result, the substantial judicial resources that would need to be used to resolve this dispute can now be redirected toward other public ends.

Under CAFA, "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under [28 U.S.C. § 1715(b)]." 28 U.S.C. § 1715(d). The Settlement Administrator served the CAFA notices on December 27, 2021, and confirmed on December 29, 2021, via federal express, that the CAFA notices were delivered to the appropriate federal and state officials. (Butler Decl. ¶ 4-5). The 90-day period for those CAFA notice recipients to lodge objections to the settlement concluded prior to the Final Approval Hearing to be held on October 7, 2022. Thus, there has been more than sufficient time for any objections by any federal or state officials.

### III.   CONCLUSION

The Settlement is fair, reasonable, and adequate because "the proposal was negotiated at arm's length," "the class representatives and class counsel have adequately represented the class," "the costs, risks, and delay of trial and appeal" are substantial, the "relief provided for the class is adequate," and the proposal "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)-(D). The Settlement secures a substantial benefit for the Class Members, undiminished by further expenses and without the delay, cost, and uncertainty of protracted litigation.

In light of the foregoing, it is respectfully submitted that this Court should grant final approval of the Parties' Settlement.

**WHEREFORE**, Plaintiffs respectfully request this Court grant Final Approval of the Rule 23 Settlement in this case.

Respectfully submitted this 6th Day of September, 2022.

| | |
|---|---|
| LYTLE & BARSZCZ, P.A.<br>533 Versailles Drive, 2nd Floor<br>Maitland, FL  32751 | WILSON TURNER KOSMO LLP<br>402 West Broadway, Suite 1600<br>San Diego, CA  92101 |

| | |
|---|---|
| Telephone: (407) 622-6544<br>Facsimile: (407) 622-6545 | Telephone: (619) 236-9600<br>Facsimile: (619) 236-9669 |
| By: *Mary E. Lytle*<br>Mary E. Lytle, Esq.<br>Florida Bar No. 0007950<br>mlytle@lblaw.attorney | By: *Robin A. Wofford*<br>Robin A. Wofford, Esq.<br>California Bar No. 137919<br>rwofford@wilsonturnerkosmo.com |
| David V. Barszcz, Esq.<br>Florida Bar No. 750581<br>dbarszcz@lblaw.attorney | Lois M. Kosch, Esq.<br>California Bar No. 131859<br>lkosch@wilsonturnerkosmo.com |
| Attorneys for Plaintiffs | Meryl M. Maneker, Esq.<br>California Bar No. 188342<br>mmaneker@wilsonturnerkosmo.com |
| | Leticia C. Butler, Esq.<br>California Bar No. 253345<br>lbutler@wilsonturnerkosmo.com |
| | and |
| | OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.<br>6410 Poplar Avenue, Suite 300<br>Memphis, TN 38119<br>Telephone: (901) 767-6160<br>Facsimile: (901) 767-7411 |
| | Thomas L. Henderson, Esq.<br>Tennessee Bar No. 011526<br>thomas.henderson@ogletreedeakins.com |
| | Attorneys for Defendant |