UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DENITA ADAMS-GILLARD, and<br>JAY SYCKS,<br>on behalf of themselves and all<br>others similarly situated,<br><br>     Plaintiffs<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT<br>SERVICE, Inc., a Tennessee for Profit<br>Corporation,<br><br>     Defendant. | CASE NO.: 2:21-cv-2038-JTF-cgc<br><br>**HYBRID CLASS and**<br>**COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

**UNOPPOSED MOTION FOR APPROVAL OF**
**ATTORNEYS' FEES AND COSTS FROM CLASS ACTION SETTLEMENT**

  Plaintiffs DENITA ADAMS-GILLARD, and JAY SYCKS, ("Plaintiffs"), hereby file their Unopposed Motion for Approval of Attorneys' Fees and Costs from Class Action Settlement and state as follows:

**INTRODUCTION**

  This case was filed on January 15, 2021, seeking relief for unpaid overtime pursuant to Laws of Illinois and Ohio as Rule 23 Classes.[1] (Doc. 1). An Amended Complaint was filed June 14, 2021, which is the operative Complaint. (Doc. 38). Plaintiffs alleged they, along with others similarly situated, were misclassified as exempt by Sedgwick, and as a result, Sedgwick failed to pay all class members their overtime pay pursuant to Laws within their respective States.

  Plaintiffs reached a settlement with Defendant, and this Court held a hearing for preliminary approval on May 11, 2022. (Docs. 90; 93). On May 16, 2022, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Proposed Classes and Notice to the Classes. (Doc 94). The parties filed a Joint Motion for Final

---

[1] Initially, this action requested relief under State laws of Illinois, Ohio and Minnesota. The putative Minnesota Class was withdrawn. This Settlement pertains to Rule 23 Classes for only Illinois and Ohio.

1

Approval of Class Action Settlement pursuant to Fed. R. Civ. P. 23(e). (Doc. 96).[2] Plaintiffs also request approval of the settlement's payment of attorneys' fees and costs, pursuant to the parties' Settlement Agreement and Fed. R. Civ. P. 23(e) and 54(d)(2).

Class Counsel undertook significant litigation efforts and risks to prosecute this case against Sedgwick. The Settlement provides outstanding results for Class Members, and was achieved because of the skill, determination, and effective advocacy of Class Counsel. The total class fund is $1,600,000.00. The 270 Plaintiffs average recovery is $5,925.92. If the instant Motion is approved, the average recovery per Class member, after attorneys' fees and costs, is $4,444.44. Accordingly, Plaintiffs respectfully submit this Motion seeking an award of attorneys' fees and costs in the amount of $400,000.00 (25% of the $1,600,000.00 settlement fund). The requested award is fair, reasonable, commensurate with the results obtained by Class Counsel, and consistent with Tennessee and Sixth Circuit precedent for similar settlement fund cases.

Defendant does not oppose this request for approval of payment of the attorneys' fees and costs. The Class Members also do not oppose this request for approval of payment of attorneys' fees and costs. In this regard, the Settlement Administrator distributed Court-approved Notices that informed Class Members that Plaintiffs would seek approval of attorneys' fees and costs and listed the specific amounts for each. There have been no objections from Plaintiffs as of the date of this filing. There were no requests for exclusion from this settlement by any Class Member. CAFA notices were served more than 90 days prior to the Final Approval Hearing, and there have been no objections from any government officials in response to those CAFA notices. Moreover, the Court has preliminarily approved the requested payments for attorneys' fees and costs to Class Counsel in the amounts stated in the Agreement. (Doc. 94).

Plaintiffs therefore respectfully request the Court enter final approval of the payment of attorneys' fees and costs.

---

[2] Additional facts regarding the history of this case and settlement details are contained in the parties' Joint Motion for Final Approval of Class Action Settlement. (Doc. 96).

2

## I. THE COURT SHOULD APPROVE THE REQUESTED FUND PAYMENTS.

The total settlement fund across both classes is $1,600,000.00. The total settlement fund for the Illinois Class is $1,050,000.00 and for the Ohio Class is $550,000.00. Illinois law and Chicago Ordinance provide differing remedies and a longer lookback window than under Ohio law.

The requested attorneys' fees and costs for the Classes total $400,000.00. (Doc. 91, p. 9 ¶ 6.d.i-ii). Currently, Class Counsel expended over 750 hours in prosecuting this case, with more than 500 of those hours in attorney time. At present, costs incurred to prosecute this case are more than $12,000.00. The allocation of attorneys' fees and costs for each class is as follows:

- $262,500.00 for fees and costs related to the Illinois Class which is 25% of the total fund.
- $137,500.00 for fees and costs related to the Ohio Class which is 25% of the total fund.

### A. Payment of Attorney's Fees as a Percentage of the Common Fund Is Reasonable

The mandatory prevailing plaintiffs' attorney's fees provision of the Illinois and Ohio Laws exist to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail, and thereby to help ensure enforcement of the substantive provisions of each Act. Plaintiffs seek approval of the amount agreed upon by the Parties in the Settlement Agreement for payment in full of Class Counsel's attorney's fees. (Doc. 80-1, p. 4, ¶ 1.12; p. 9, (6)(d)).

The United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing C. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement. *Rawlings v. Prudential- Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993); *see also Lonardo v. Travelers Indemnity Co.*, 706 F. Supp. 2d 766, 790 (N.D. Ohio 2010) (the percentage-of-the-fund method is the "preferred method for common fund cases, where there is a single pool of money and each

class member is entitled to a share"); *Garland v. Memphis-Shelby Cnty. Airport Auth.*, 2011 U.S. Dist. LEXIS 159344, at *15 (finding the percentage of fund method to be the appropriate method for calculating attorney's fees). "The percentage of the common fund method has the advantage of establishing reasonable expectations on the part of class counsel as to their expected recovery, and encouraging early settlement before substantial fees and expenses have accumulated." *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, at *20 (N.D.Ohio June 15, 2010) (approving fees at one third of common fund). Furthermore, it permits courts to focus on the benefit conferred upon a class or collective rather than the cumbersome task of reviewing complicated and lengthy billing documents. *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 301 (1st Cir. 1995) ("[T]he [percentage of the fund] method permits the judge to focus on a showing that the fund conferring a benefit on the class resulted from the lawyers' efforts.") (citation and internal quotation marks omitted); *Rawlings*, 9 F.3d at 516 ("[T]he lodestar method has been criticized for being too time-consuming of scarce judicial resources.") As recognized by the Ninth Circuit, "the lodestar method does not reward early settlement" and "class counsel should [not] necessarily receive a lesser fee for settling a case quickly." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002). The one-third contingency fee arrangement reflected in the Settlement Agreement is 'certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit.' *In re Se. Milk Antitrust Litig.*, No. 2:07-v-208, 2012 WL 12875983, at *2 (E.D. Tenn. July 11, 2012); *see also Gokare v. Fed. Express Corp.*, No. 2:11-cv-2131, 2013 WL 12094887, at *4 (W.D. Tenn. Nov. 22, 2013) (collecting cases in which courts in this Circuit have approved attorney's fees awards in common fund cases ranging from 30% to 33% of the total fund).

Courts have discretion to choose, "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases," between the lodestar and percentage of fund methods for calculating attorney's fees. *Weitz & Luxenberg, P.C. v. Sulzer Orthopedics, Inc.,* 398 F.3d 778, 780 (6th Cir. 2005) (citation omitted). "In general, however,

4

percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share (i.e., a 'common fund')." *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 788-89 (N.D. Ohio 2010.) The percentage of fund method is appropriate in this case. Courts employing the percentage of the fund approach are not required to conduct a cross-check using Class Counsel's lodestar of hours worked times hourly rate. "Performing a cross- check of the attorney-fee request using Class Counsel's lodestar is optional." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *20-21 (S.D. Ohio Sep. 9, 2016). As this case is a common fund case, the common fund analysis properly applies. *Merkner v. AK Steel Corp.,* No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 157375, 2011 WL 13202629, at *1 (S.D. Ohio Jan. 10, 2011). Courts have found that the percentage approach is proper in such cases. *Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *12 and *16 (S.D. Ohio Oct. 3, 2018) (lodestar cross-check of percentage of the fund fee award is "unnecessary").

Rather, any attorney's fees awarded from the fund must "be reasonable under the circumstances." *Garland v. Memphis-Shelby Cnty. Airport Auth.*, 2011 U.S. Dist. LEXIS 159344, at *15 *citing Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). In deciding the reasonableness of a requested fee, a court considers "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Id*. Each of these factors when applied to the instant matter weigh strongly in favor of the reasonableness of the requested fee as follows:

    1. *Value of the Monetary and Non-Monetary Benefits Provided.*

In the instant case, the result justifies the fees. Under the Settlement Agreement, every plaintiff will receive a fair and favorable settlement distribution, as will every absent class member (since there were no exclusions). Class Counsel developed an equitable distribution of

5

the Settlement Fund, using certain factors to determine a fair and equitable settlement and to calculate the pro-rata distribution of the Settlement proceeds amongst Class Members. In this regard, the following factors were utilized: (i) the number of weeks the Class Member worked in the Disability Representative Senior position during the relevant time period in relation to the total weeks for the rest of the sub-Class (Ohio or Illinois); (ii) the particular Class Member's rate of pay in the position; and, (iii) whether, for the Illinois Settlement Class, the Class Member was entitled to additional relief under the Chicago Minimum Wage Ordinance. The total sum from the settlement when distributed in this method provided a fair and favorable result for the Classes.

Further, the settlement provides relief to class members and eliminates the risks that the parties would otherwise bear if this litigation were to continue for an extended period of time. Absent settlement, the parties would have engaged in additional discovery, motion practice, and potentially trial and appeal. The settlement at this stage provides value to the class because "this litigation is in the early stages, no formal discovery had been conducted, and no dispositive motions had been filed. Had the parties engaged in formal discovery and filed dispositive motions, this would have increased the cost significantly." *Moore v. Aerotek, Inc.*, No. 2:15-cv-2701, 2017 U.S. Dist. LEXIS 102621, at *21 (S.D. Ohio June 30, 2017).

Finally, Class Counsel negotiated a settlement that is favorable not only as to its monetary consideration, but also to its terms affecting Class Members. In this regard, this settlement does not require a Class Member to give an overbroad release of their Fair Labor Standards Act claims. (Doc. 91).

        2.    *Value of the Services Rendered/Contingency Fee Basis.*

Courts frequently find these factors to be intertwined when determining the reasonableness of a percentage of the fund attorney's fee. *See, e.g., Hainey v. Parrott*, No. 1:02-CV-733, 2007 U.S. Dist. LEXIS 98444, at *8 (S.D. Ohio Nov. 6, 2007) ("Value of services on an hourly basis/whether services were undertaken on a contingent fee basis: As stated, class counsel does not have a regular hourly fee because he typically is compensated on a contingency

6

fee basis. This factor favors the percentage of fund method.")

Here, Class Counsel provided representation on a contingent fee basis, advanced all litigation costs and received no payment of fees or reimbursement for costs, and would not, unless and until there was ultimately a recovery. (Declaration ¶ 6-7). Thus, Class Counsel bore the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources might result in no payment for fees and no recovery of litigation expenses advanced. In addition, Class Counsel filed a Response in Opposition of Motion to Intervene. (Doc. 67). Clearly, Class Counsel was not only prepared to face the expected risk of Sedgwick filing dispositive motions but already faced risk of intervention from counsel from an Illinois action. As such, Class Counsel should be compensated for this risk. *Lonardo,* 706 F. Supp. 2d at 796; *see also Crosby v. Bowarter Inc. Ret. Plan*, 262 F. Supp. 2d 804, 814 (W.D. Mich. 2003) ("contingency serves to justify the higher fee").

Moreover, while the value of the services rendered would support the 40% contingency fee percentage before additional reimbursement of costs provided in Class Counsel's fee agreement with Plaintiffs, Class Counsel agreed to accept a reduced percentage (25%) of the common fund for combined attorney's fees and advanced costs. *See, e.g., Coach, Inc. v. Goodfellow*, No. 2:10-cv-02410-V, 2012 U.S. Dist. LEXIS 192496, at *9 (W.D. Tenn. May 22, 2012) ("the fee seems reasonable considering that Coach states that the fees requested in this motion are less than the amount that their counsel would receive under the parties' contingency agreement.") and *Garland v. Memphis-Shelby Cnty. Airport Auth.*, 2011 U.S. Dist. LEXIS 159344, at *17 (finding the requested percentage reasonable where it was less than the contingent fee the firm usually charges in similar cases). Plaintiffs' Fee Contracts provide for contingency fees at the higher of 40% in addition to reimbursement of advanced costs and expenses from the recovery that is similarly contingent on the outcome. (Declaration ¶ 7). "The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) (citations omitted).

Additionally, class action cases from the Sixth Circuit illustrate that the percentage requested for preliminary approval by Class Counsel is within or below the customary percentages awarded and is therefore reasonable. See *Bessey v. Packerland Plainwell, Inc.,* 2007 U.S. Dist. LEXIS 79606, *12–14 (D. Mich. 2007) (approving 33 percent fee as reasonable after noting "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.") (quoting *Shaw v. Toshiba America Information Systems, Inc.,* 91 F. Supp.2 d 942, 972 (E.D. Tex. 2000)); *New Eng. Health Care Emples, Pension Fund v. Fruit of the Loom, Inc.,* 234 F.R.D. 627, 633 (D. Ky. 2006) ("Fee awards in common fund cases typically range 'from 20 to 50 percent of the common fund created.'") (quoting *Brotherton v. Cleveland,* 141 F. Supp. 2d 907, 910 (S.D. Ohio 2001); *In Re Future Healthcare Sec. Litig.,* No. C-1-95-180 (S.D. Ohio Dec. 5, 2000) (30% fee awarded); *In re Valley Sys. Sec. Litig.,* No 5:92CV2124 (N.D. Ohio May 16, 1994); In re Nord Res. Corp. Sec. Litig., No. C-3-90-380 (S.D. Ohio Apr. 28, 1994) (awarding approximately 30%); *In re Structural Dynamics Research Corp. Sec. Litig.,* No. C-1-94-630 (S.D. Ohio Mar. 22, 1996) (equivalent of a 30% award which included expenses); *In re Cincinnati Gas & Elec. Co. Sec. Litig.,* 643 F. Supp. 148, 150 (S.D. Ohio 1986); *Vijay Sherma, etc v. Cole Nat'l Corp.,* No. 1:02CV2397 (N.D. Ohio Sept. 29, 2003). Moreover, in jurisdictions throughout the country, "common fund awards are typically in the 20-30% range, when good results are achieved." *Bell v. DuPont Dow Elastomers, LLC,* 640 F. Supp. 2d 890, 900 (D. Ky. 2009) (citing e.g., *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002); *Camden I Condo. Ass'n, Inc. v. Dunkle,* 946 F.2d 768, 775 (11th Cir. 1991); J*ones v. Dominion Res. Servs., Inc.,* 601 F.Supp. 2d 756, 763 (S.D.W.Va. 2009); In re *Crazy Eddie Sec. Litig.,* 824 F.Supp 320, 326 (E.D.N.Y. 1993); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.121 (2004)); see also *Cooper v. IBM Pers. Pension Plan,* 2005 U.S. Dist. LEXIS 17071, 15– 16 (S.D. Ill. August 16, 2005) ("As this Court noted in awarding Class Counsel 29% of the recovery in connection with the settlement of the claims on behalf of the Subclass 3 members, "we have a pretty substantial body of case law now built up on these complex cases and it seems as if 30

8

percent is just about the bench mark."); *Wilfong v. Rent-A-Center,* 2002 U.S. Dist. LEXIS 28016 (S.D. Ill. Oct. 4, 2002) ("The benchmark used in this Circuit for attorney's fees in a common fund case is 33 1/3%, a figure which can be adjusted upward.").

Plaintiffs support this motion with undersigned counsel's declaration, which is consistent with what this Court has found sufficient to determine approval of attorney's fees paid from a class action settlement fund. *See, e.g., Garland,* 2011 U.S. Dist. LEXIS 159344, at *16 (Mays, J) (approving class counsel's fees from class action settlement as reasonable based on requested percentage of the fund amount, "[a]lthough the value of the services of Garland's counsel on an hourly basis is not in the record"). Should the Court require any further documentation or testimony regarding Plaintiffs' counsel's fees and costs to be paid from this settlement, however, Plaintiffs respectfully request the opportunity to supplement the record or present any testimony at the hearing on this motion, as directed by the Court.

Consequently, based on the overall settlement and the context in which it was reached, traditional measures of recovery, and dictates on calculating attorney's fees in contingent cases, the requested payment of fees and expenses in the total amount of $400,000.00 falls within the range of fairness and reasonableness and should be approved.

4. *Society's Stake in Rewarding Attorneys Who Produce Class Benefits.*

"Attorneys who take on class action matters serve a benefit to society and the judicial process by enabling . . . small claimants to pool their claims and resources." *In re Whirlpool Corp. Front- Loading Washer Prods. Liab. Litig.*, No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467, at *68 (N.D. Ohio Sep. 23, 2016) (*quoting In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio 2001)). Moreover, "[s]ociety's interests are clearly furthered by the private prosecution of civil cases which further important public policy goals." *Id. (quoting In re Southeastern Milk Antitrust Litig.*, 2013 U.S. Dist. LEXIS 70167, 2013 WL 2155387 at *5 (E.D. Tenn. May 17, 2013)).

Absent a class action, Plaintiffs and the Class Members would lack the resources to litigate a case of this magnitude and would not be able to afford litigating pursuit of the sums

9

at issue by paying an attorney an hourly fee win or lose; nor is there any reason to believe any other class members would have been willing to pay to retain counsel on any basis other than a contingency fee arrangement, and would not have been able to retain attorneys with Class Counsel's high level of experience and expertise. *Clevenger v. Dillards, Inc.*, No. C-1-02- 558, 2007 U.S. Dist. LEXIS 17464, at *9 (S.D. Ohio Mar. 9, 2007) (where claimants would not have been entitled to recover "more than a few thousand additional dollars" and there was no reason to assume that anything other than contingency fee representation would be viable for or even available to the individuals claimants, the value of the services factor supports the reasonableness of the contingency fee percentage).

Lytle & Barszcz, serving as Class Counsel here, have successfully served as Class Counsel in prior actions brought as FLSA Collectives and Rule 23 Classes alleging unpaid overtime for insurance industry employees. It is evident that Class Counsel provides a service and benefit to society in the manner in which Lytle & Barszcz represents their plaintiffs. As such, Class Counsel fees and costs should be approved.

     5.     *The Complexity of the Litigation*

"Most class actions are inherently complex." *Moore v. Aeroteck, Inc.*, 2017 WL 2838148, at *8 (S.D. Ohio June 30, 2017). This case is no exception. The settlement here was not reached until Class Counsel had conducted extensive pre- and post-suit analysis and investigation, thoroughly researched the law and facts, engaged in informal document exchanges with Defense Counsel and extensive data analysis. (Declaration ¶ 12). The Ohio district court recognized in approving settlement of a hybrid overtime action which included Ohio Rule 23 state law class action alleging unpaid overtime due to misclassification as exempt:

> Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming. See *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 479-80 (S.D.N.Y. 2013). This is particularly true here, where Plaintiffs alleged overtime claims […] under the state laws of Ohio. Resolving the procedural issues, the merits, and damages would have been risky, costly, and time consuming. Accordingly, the litigation was difficult and complex, and this factor weighs in favor of awarding the requested fees.

*Swigart*, 2014 U.S. Dist. LEXIS 94450, at *18.

      6.     *Professional Skill and Standing of Counsel on Both Sides*

This Court previously approved Lytle & Barszcz as Class Counsel and found that Class Counsel has and will fairly and adequately protect the interests of the Classes. (Doc. 94). In fact, Class Counsel successfully represented cases brought by employees against several large insurance companies (Hartford Fire Insurance Co., Sedgwick Claims Management Services Inc. and Progressive Casualty Insurance Company) always representing employees on a contingent fee basis which resulted in both class certification and favorable settlements. (Declaration ¶ 4-5).

The settlement reached by the parties in this case required acquisition and analysis of voluminous amounts of time and payroll data, as well as analysis of the job duties and responsibilities of the Plaintiffs against the potentially applicable "Administrative Exemption." (Declaration ¶ 12). This information along with the experience and judgment of skilled wage and hour attorneys, for both parties, was a substantial factor in reaching an equitable resolution here. These types of cases require counsel who are highly skilled and experienced in overtime and class action law, especially one with specialized issues presented, like the instant case. Counsel for both parties possess the experience and attributes required to identify and work through all issues to resolve this matter at an early stage. Plaintiffs' counsel's diligence and discretion added value to the representation of and recovery made available for this Settlement Class of current and former employees.

As one court observed, "[t]he quality of work performed in a case that settles before trial is best measured by the benefit obtained." *Behrens v. Wometco Ent., Inc.,* 118 F.R.D 534, 547-48 (S.D. Fla. 1988). See also *In re Delphi Corp. Securities, Derivative & "ERISA" Litig.,* 248 F.R.D. 483, 504 (E.D. Mich. 2008) ("The ability of Lead Counsel to negotiate a favorable settlement in the face of formidable legal opposition further evidences the reasonableness of the fee award requested."), *F&M Distrib.,* 1999 U.S. Dist. LEXIS 11090, at *19 ("The skill and

competence of the attorneys for the plaintiffs was evident, especially when viewed on the basis of the results that they obtained in this case, while the excellent advocacy skills of the defense counsel . . . were equally evident").

Courts may also consider the professional skill and standing of opposing counsel under this factor. Defendants were represented throughout this litigation by attorneys in the prestigious law firms of Wilson Turner Kosmo LLP and Ogletree Deakins. (Docs. 13, 14, 15, 16, and 17). Counsel for Sedgwick does not oppose the fees requested herein. See, *e.g., Garland v. Memphis-Shelby Cnty. Airport Auth.*, 2011 U.S. Dist. LEXIS 159344, at *17-18 (noting that "Like [plaintiff]'s counsel, [defendant]'s counsel is able and respected and does not challenge the fees provided in the Agreement.").

    D.  <u>Payment of Counsel's Advanced and Incurred Costs and Expenses is Reasonable</u>

An award reimbursing Class Counsel for advanced costs and expenses of litigation from the common fund settlement of a class action is reasonable and appropriate. *See, e.g., In re Regions Morgan Keegan Secs*, No. 2:09-2009 SMH V, 2013 U.S. Dist. LEXIS 205822, at *26 (W.D. Tenn. Sep. 5, 2013) (approving reimbursement of counsel's costs for payments to experts, costs of mediation, and other costs including photocopying, travel, and lodging). Here, Class Counsel is reducing the attorneys' fees by an equal amount of the advanced costs to maintain the percentage payout of 75% of the total settlement fund to the Class Members.

*Plaintiffs' Counsel's Advanced Costs and All Expenses of Litigation.*

Again, Defendant contractually agreed to pay, and Plaintiffs in this action move for approval of reimbursement of the advanced costs, Class Counsel's other costs and all other expenses of litigation which presently total over $12,000.00. This amount is included within the requested Class Counsel' attorneys' fee amounts. Class Counsel to date advanced litigation costs and expenses including filing fees, pro hac vice fees, and Third Party Administrator (Simpluris) fees and Class counsel is obligated to pay these fees through resolution of this matter. (Declaration ¶ 10).

Thus, the total amount for Plaintiffs' counsel's costs and expenses as contained in the

12

common fund percentage, should be approved as reasonable in this settlement and as previously agreed to by the parties.

### 7.2(a)(1)(B) CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), Plaintiffs' Counsel has consulted with Counsel for Defendant and is authorized to represent that Defendant is not opposed to the instant Motion.

### CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant this unopposed motion for approval of Class Counsel's attorney's fees and advanced costs and expenses in this action.

Respectfully submitted this 22nd day of September 2022.

> /s/ David V. Barszcz
> **Mary E. Lytle, Esq.**
> Florida Bar No.: 0007950
> **David V. Barszcz, Esq.**
> Florida Bar No.: 0750581
> **LYTLE & BARSZCZ, P.A.**
> 533 Versailles Drive, 2nd Floor
> Maitland, FL 32751
> Telephone: (407) 622-6544
> Facsimile: (407) 622-6545
> mlytle@lblaw.attorney
> dbarszcz@lblaw.attorney
> **Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2022, the foregoing was electronically filed using the CM/ECF filing system, which will send a notice of electronic filing to: **Robin A. Wofford, Esq.,** rwofford@wilsonturnerkosmo.com, **Lois M. Kosch, Esq.,** lkosch@wilsonturnerkosmo.com, **Leticia C. Butler, Esq.,** lbutler@wilsonturnerkosmo.com, **Meryl C. Maneker, Esq.,** mmaneker@wilsonturnerkosmo.com, **WILSON TURNER KOSMO LLP,** 402 West Broadway,

13

Suite 1600, San Diego California 92101, Fax: 619-236-9669; and, **Thomas L. Henderson, Esq.,** Thomas.henderson@ogletreedeakins.com, **OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.,** 6410 Poplar Avenue, Suite 300, Memphis TN 38119, Fax: 901-767-7411.

          */s/ David V. Barszcz*
          **Counsel for Plaintiffs**