IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DENITA ADAMS-GILLARD and JAY SYCKS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 21-cv-2038 |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INCORPORATED, | ) ) ) ) |  |
| Defendant. | ) ) |  |

**ORDER GRANTING FINAL APPROVAL AND
GRANTING MOTION FOR ATTORNEYS' FEES**

    This multistate class action arises from Defendant Sedgwick Claims Management Services, Inc.'s ("Sedgwick") alleged practice of misclassifying workers as exempt from entitlement to overtime wages. Sedgwick and Representative Plaintiffs Denita Adams-Gillard and Jay Sycks filed a Joint Stipulation of Settlement and Release on May 13, 2022 (the "Settlement"). (ECF No. 91.) On May 16, 2022, the Court granted preliminary approval of the proposed Settlement and provisionally certified two classes for settlement purposes only. (ECF No. 94.) On September 6, 2022, the parties filed a Joint Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). (ECF No. 96.) On September 22, 2022, Representative Plaintiffs filed an

Unopposed Motion for Approval of Attorneys' Fees and Costs from Class Action Settlement ("Motion for Attorneys' Fees"). (ECF No. 98.)

On October 7, 2022, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether an order and judgment should be entered dismissing the plaintiffs' claims on the merits and with prejudice, including the claims of Class Members who have not requested exclusion from the Settlement; and (3) whether and in what amount to award attorneys' fees and expenses to class counsel. Having carefully reviewed the Motion for Final Approval, the Motion for Attorneys' Fees, the Settlement, related exhibits, and pertinent portions of the record, and having heard the arguments of the parties, the Motion for Final Approval and Motion for Attorneys' Fees are GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The terms and conditions in the Settlement filed with the Court on May 13, 2022, ECF No. 91, are hereby incorporated as though fully set forth in this Order, and unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement.

2. The Court has personal jurisdiction over Representative Plaintiffs, Defendant, and Class Members, venue

is proper, the Court has subject matter jurisdiction to approve the Settlement, and the Court has jurisdiction to enter an order and judgment. Without in any way affecting the finality of any judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Settlement, this Order, and any judgment. Further, this Court retains jurisdiction to protect, preserve, and implement the Settlement, including, but not limited to, enforcement of the releases contained in the Settlement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Order and any judgment.

3. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the parties had engaged in extensive and multiple settlement negotiation sessions. Counsel for the parties were therefore well-positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the action through class certification, trial, and any appeals that might be taken, and the likelihood of success.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following classes for settlement purposes only:

> The "Illinois Class" refers to current and former employees of Defendant who held the position of "Disability Representative Sr." in Illinois during the time period from January 15, 2018 to May 24, 2021 except for those 16 individuals who were the subject of the tolling agreement entered into in conjunction with the <u>Easterwood, et al. v. Sedgwick Claims Management Services, Inc.</u> action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 21, 2017; and, who were classified as exempt from overtime wages. This class excludes those individuals who worked as Disability Representative Seniors in Illinois processing requests or claims for accommodation under the ADA who are in the initial putative class alleged in <u>Walker and Harris v. Sedgwick</u>, in the Northern District of Illinois, Civil Action No. 1:19-cv-07482.

> The "Ohio Class" refers to all current and former employees of Defendant who held the position of "Disability Representative Sr." in Ohio during the time period from January 15, 2019 to May 24, 2021 except for those 15 individuals who were the subject of the tolling agreement entered into in conjunction with the <u>Easterwood, et al. v. Sedgwick Claims Management Services, Inc.</u> action, Middle District of Florida, Civil Action No. 6:19-cv-700 for whom the time period commences as early as July 20, 2018; and, who were classified as exempt from overtime wages.

5. The Settlement provides that Defendant shall create a class fund in the amount of $1,600,000. The Motion for Attorneys' Fees requests that $400,000 of this sum be paid to class counsel. Of the remainder, $787,500 is to be paid to Illinois Class Members and $412,500 is to be paid to Ohio Class Members.

6. The Settlement satisfies the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997). Certification of the Settlement Classes is appropriate, in part, because Defendant does not object to class certification in the context of this Settlement. The Court makes the following determinations as to certification of the Settlement Classes:

    a. Numerosity under Rule 23(a)(1) is satisfied for the Settlement Classes because the Settlement Classes include 270 members, including 135 members of the Illinois Class and 135 members of the Ohio Class. Thus, the Settlement Class Members are so numerous that joinder of all members is impracticable;

    b. Commonality under Rule 23(a)(2) is satisfied for the Settlement Classes because there are questions of law or fact common to the members of each Settlement Class certified. As to the Illinois Class, common issues of law and fact include but are not limited to the predominating question of whether Defendant misclassified its employees as exempt from overtime compensation under Illinois state and municipal law. As to the Ohio Class, the predominating, common question is whether Defendant misclassified its employees as exempt from overtime compensation under Ohio

state law. Thus, there are questions of law or fact common to the members of the Settlement Classes;

    c.    Typicality under Rule 23(a)(3) is satisfied for the Settlement Classes because Representative Plaintiff Adams-Gillard worked for Defendant as a Disability Representative Senior in Illinois, regularly worked more than forty hours per workweek, and was classified as exempt from overtime pay. Similarly, Representative Plaintiff Sycks worked for Defendant as a Disability Representative Senior in Ohio, regularly worked more than forty hours per workweek, and was classified as exempt from overtime pay. Representative Plaintiffs' claims relating to their alleged misclassification as exempt from overtime pay are thus identical in all respects to their respective Settlement Classes' Members' claims;

    d.    Adequacy under Rule 23(a)(4) is satisfied for the Settlement Classes because Representative Plaintiffs have fairly and adequately represented and protected the interests of the Settlement Classes. Representative Plaintiffs have no interests that conflict with the interests of the Settlement Classes. They retained experienced counsel competent and experienced in class action and wage-and-hour litigation; and

    e.    As required by Rule 23(b)(3), questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, inter alia, the predominating question in this lawsuit for purposes of class certification remains whether Defendant misclassified its employees in violation of Ohio or Illinois law. Superiority is satisfied for the Settlement Classes because, inter alia, numerous small value claims are at issue and the interests of the parties and judicial economy favor settlement.

7.    Pursuant to Fed. R. Civ. P. 23(g) the Court appoints Mary E. Lytle and David V. Barszcz of Lytle & Barszcz, P.A., as class counsel for the Settlement Classes.

8.    The Court also designates Representative Plaintiffs Denita Adams-Gillard and Jay Sycks as the representatives of the Settlement Classes.

9.    The Court makes the following findings with respect to notice to the Settlement Classes:

    a.    The Court finds that the Settlement Notice, which was mailed to the potential members of the Settlement Classes as provided in the Settlement and the preliminary approval order, (i) constituted the best practicable notice

that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the final approval hearing; (ii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the rules of this Court, and other applicable law;

  b.  Class Counsel have filed with the Court a declaration from Simpluris, the independent third-party settlement administrator for the Settlement, establishing that the Settlement Notice was mailed to Class Members on June 6, 2022 by first-class mail. Six Settlement Notices were returned as undeliverable. The settlement administrator re-mailed the Settlement Notice to the six Class Members with updated address information obtained through a trace search, and one came back as undeliverable for a second time. Adequate notice was given to the Settlement Classes in compliance with the Settlement and the Court's preliminary approval order.

10.  Persons who wished to be excluded from the Settlement Classes were provided an opportunity to request exclusion as

8

described in the Settlement Notice. Exclusions were due by August 5, 2022. No Class Members chose to opt-out of the Settlement.

11. Defendant has complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, et seq., in connection with the Settlement.

12. Pursuant to the preliminary approval order, any objections to the Settlement were to have been submitted no later than August 5, 2022. There have been no objections to the Settlement.

13. Class Members who did not timely file and serve an objection in writing to the Settlement, to the entry of this Order, to the entry of judgment, or to class counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Settlement Notice and mandated in the preliminary approval order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

14. The terms and provisions of the Settlement have been entered into in good faith and, pursuant to Federal Rule of Civil Procedure 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class Members. The Court GRANTS the Motion for Final Approval and approves and adopts the Settlement, fully and finally terminating, as more fully described below, the claims of

Representative Plaintiffs and the Settlement Classes in this action against Defendant, on the merits and with prejudice.

15. The releases set forth in section 23 of the Settlement are incorporated herein in all respects and are effective as of the entry of judgment. Sedgwick is forever released, relinquished, and discharged by plaintiffs, including all Class Members who did not timely exclude themselves from the Settlement Classes, from all claims arising in the period covered by the Settlement under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Illinois Attorneys Fees in Wage Actions Act, the Chicago Minimum Wage Ordinance, and the Ohio Minimum Fair Wage Standards Act (the "Released Claims"). The Settlement shall be the exclusive remedy for all Class Members with regard to the Released Claims. The foregoing release does not extend to claims under the Fair Labor Standards Act or to claims arising from plaintiffs' employment with Sedgwick in a position other than Disability Representative Senior.

16. Representative Plaintiffs and all Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against Sedgwick, and are, from this day forward, permanently barred and enjoined

10

from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, Class Members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

17. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by the orders and judgments of this Court. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. Class counsel request that they be awarded $400,000 in fees and expenses incurred in prosecuting this case for nearly two years. This figure includes $387,863.39 in fees and $12,136.61 in costs advanced. The requested fees and expenses will not reduce the previously discussed amounts set aside for the benefit of the Class Members.

19. Since this action was originally filed, class counsel have worked on this matter without receiving any compensation

for their work and without receiving any reimbursement for the expenses they advanced. Their representation of the Representative Plaintiffs and the Class Members was undertaken with the understanding that any fees and expenses that they might receive would be contingent on the outcome of the case. This dispute was settled only after nearly two years of litigation, which included a motion to dismiss, a contested motion to intervene, the acquisition and analysis of voluminous amounts of payroll data, settlement negotiations on a class-wide basis, and preparation and presentation of settlement documents. Class counsel expended 760.5 hours working on this case, with an approximate value of $284,440.25. The requested attorneys' fees represent a lodestar multiplier of 1.36.

20. Class counsel seek $12,136.61 in expenses. Expenses principally include costs charged by the third-party settlement administrator with respect to the distribution of Settlement Notices but also include printing costs and court filing fees. Class counsel anticipate additional future costs, for which they do not seek reimbursement, associated with the mailing of settlement checks.

21. The Settlement provides substantial relief to the Class Members. As discussed, there are 135 members in each of the Illinois and Ohio classes. The settlement provides $787,500 to the Illinois class (an average of $5833.33 per class member)

and $412,500 to the Ohio class (an average of $3055.56 per class member).

22.  Based on statements and filings of class counsel and the record as a whole, the Court finds that class counsel have adequately represented and protected the interests of the Settlement Classes and that, without the diligent and extensive efforts of class counsel, the Settlement and related benefits to the Class Members would not have been accomplished. The Court finds that the requested attorneys' fees and expenses are reasonable and fair.

23.  Based on all of the forgoing findings, the Court GRANTS the Motion for Attorneys' Fees. As a result, the Court orders and authorizes the requested award of attorneys' fees and expenses in the total amount of $400,000 to be paid to class counsel by Defendant. Defendant shall not be responsible for and shall not be liable with respect to the allocation among class counsel or to any other person who may assert a claim for attorneys' fees and expenses awarded by the Court.

SO ORDERED this 27th day of October, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE